# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH BYANOONI, individually and on behalf of a class and subclass of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH;  BANK OF AMERICA CORPORATION;  and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:12-cv-05270-RS<br><br>[~~PROPOSED~~] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS; PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS <u>AS MODIFIED BY THE COURT</u><br><br>HON.  RICHARD SEEBORG |

On July 31, 2014, a hearing was held on the parties' joint motion for preliminary approval of a settlement class.  At that time, the Court expressed concern with the scope of the release in the proposed settlement agreement, which provides in relevant part:

> The Named Plaintiff and each Class Member . . . hereby jointly and severally release and discharge defendants Merrill Lynch, Pierce, Fenner & Smith Inc. and Bank of America Corporation . . . from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the operative complaint in the Action, the claims asserted in the Action, *the Released Parties' recording and/or monitoring of calls*, and the administration of this settlement.

(Settlement Agreement, p. 8) (emphasis added). Of particular concern was the fact that, while the class definition is temporally limited to individuals who received calls from defendant on or after August 17, 2011 through the date of preliminary approval, the claims release is not so limited. Both parties represented to the court that the release is not intended to encompass claims beyond the scope of the complaint. Nevertheless, the italicized portion of the release could fairly be read to encompass a release of any claims a class member might possess arising from defendant's recording or monitoring of calls either before or after the class period. In other words, the plain language of the release is not limited to "the Released Parties' recording and/or monitoring of calls during the class period." Although an individual who only received calls from defendant before August 17, 2011 would fall outside of the class definition, an individual who received calls during the class period and also outside of the class period (and who does not opt out) would be bound by this release even for claims arising from calls made before the class period commenced.

Despite this reservation, the proposed settlement "falls within the range of possible approval," and meets other basic requirements for preliminary approval. *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007). The parties would be well-served, however, by considering an amendment to the scope of the release and, in any event, should be prepared to address this concern again at the final approval hearing. With that caution in mind, and good cause appearing, the parties' motion to certify a provisional class and for preliminary approval of the class action settlement is granted for the reasons set forth below.

WHEREAS, Plaintiff Abdullah Byanooni filed a putative class action in San Francisco Superior Court against Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. and Bank of America Corporation (collectively, "Defendants") captioned *Abdullah Byanooni v. Merrill Lynch, et al.,* Case No. CGC-12-523355, which

1 Defendants removed to the United States District Court for the Northern District of
2 California on October 12, 2012;

3   WHEREAS, the Parties to the Action have agreed, subject to Court approval
4 following notice to the proposed settlement class (as described in Paragraph 3
5 below) and a hearing, to settle the Action upon the terms and conditions set forth in
6 the Settlement Agreement, and the Parties now request a preliminary certification
7 of a Fed. R. Civ. P. 23(b)(3) settlement class and preliminary approval of the
8 proposed class-action settlement;

9   WHEREAS, this Court has reviewed the Settlement Agreement, as well as
10 the files, records and proceedings to date in this matter;

11   WHEREAS, for purposes of this Order, capitalized terms not specifically
12 defined below have the meaning ascribed to them in the Settlement Agreement,
13 unless otherwise defined; and

14   WHEREAS, for purposes of the Action, this Court has subject matter and
15 personal jurisdiction over the Parties, including all Settlement Class Members.

16   NOW, THEREFORE, based on this Court's review of the Settlement
17 Agreement and all of the files, records, and proceedings herein, the Court
18 concludes, upon preliminary examination, that the Settlement Agreement and
19 settlement appear fair, reasonable, and adequate, and within the range of
20 reasonableness for preliminary settlement approval, and that a hearing should and
21 will be held after notice to the Settlement Class (as described in Paragraph 3
22 below) to confirm that the Settlement Agreement and settlement are fair,
23 reasonable and adequate and to determine whether the settlement should be
24 approved and final judgment entered in the Action based upon the Settlement
25 Agreement.

26   The Court has read and considered the Settlement Agreement and Release
27 ("Settlement Agreement"), Preliminary Approval Motion and the record.

28   **NOW, THEREFORE IT IS HEREBY ORDERED:**

1. <u>Jurisdiction.</u>  The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

2. <u>Preliminary Approval of Proposed Settlement.</u>  The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:

   (a) the Settlement Agreement resulted from extensive arm's-length negotiations; and

   (b) the Settlement Agreement is sufficient to warrant notice of the settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3. <u>Class Certification for Settlement Purposes Only.</u>  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Class (also referred to as "Settlement Class"):

   > All customers of Merrill Lynch's Merrill Edge Advisory Center and self-directed online investment platform within the State of California who, on or after August 17, 2011 through the date of preliminary approval, received a telephone call from Merrill Lynch that was recorded and/or monitored.

(Members of the Class are referred to as "Class Members.")

In connection with this conditional certification, the Court makes the following preliminary findings:

   a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

   b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

   c. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

d. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Class Members in connection with the proposed settlement;

e. For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

4. <u>Class Representative.</u> Plaintiff Abdullah Byanooni is designated as the class representative for the Settlement Class.

5. <u>Class Counsel</u>. The Court appoints Orshansky & Yeremian LLP as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6. <u>Settlement Hearing.</u> A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Richard Seeborg at the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 3, on Thursday, March 19, 2015, at 1:30 p.m., as set forth in the notice to the Settlement Class, to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Settlement Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be duly filed with the Court. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further

notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being released.

7. <u>Class Notice.</u> The notice of settlement (referred to as the "Class Notice") shall be completed within ninety-five (95) days following entry of this Order.

(a) <u>Internet Notice.</u> The Claims Administrator will establish and maintain an Internet site using domain name www.CAcallrecordingclassaction.com dedicated to the Settlement, on which will be posted the Publication Notice (Short Form Notice), the Long Form Notice, the Claim Form, the Settlement Agreement with Exhibits, the operative complaint in the Action, any attorneys' fees and costs application and any Orders relating to Preliminary Approval or Final Approval, and any other information the Parties deem proper. The Settlement webpage will be established prior to the publication of notice.

(b) <u>Email Notice.</u> The Claims Administrator will provide notice via electronic mail to all Class Members for whom Defendants determine they have a reasonably reliable email address.

(c) <u>California-wide Publication.</u> The Claims Administrator will cause the Short Form Notice, substantially in the form of Exhibit A of the Settlement Agreement (as modified after the hearing on this motion, *see* ECF No. 42), to be published within 95 days of the issuance of this Order in *Parade* magazine and *USA Weekend* magazine.

(d) <u>CAFA Notice.</u> In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Settlement Agreement, Defendants shall be ultimately responsible for serving written notice of the proposed class action settlement on the person who has the primary Federal regulatory or supervisory responsibility with respect to Defendants.

(e) <u>Declaration to be Filed regarding Notice.</u>  At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Settlement Agreement.

(f) <u>Findings concerning Class Notice.</u>  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and their right to object to or exclude themselves from the Settlement Class.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

(g) <u>Approval of Claims Process and Settlement Procedure.</u>  The claims submission processes described in the Settlement Agreement are hereby approved.  The Court preliminarily approves the process set forth in the Settlement Agreement for submitting, reviewing, approving and paying all claims as described in the Settlement Agreement.

(h) <u>Costs of Administration, Incentive Payments, and Attorneys' Fees.</u>  The Court also approves the process for paying the costs of notice and claims administration, the incentive payments and the Class Counsel's attorneys' fees and litigation costs.  These costs will be paid out of the Settlement Fund, prior to any disbursement of the remaining amount on a pro-rata basis to the Settlement Class Members who submit timely and valid claim forms.

8. <u>Exclusion from the Settlement Class.</u>

(a) Class Members have the right to opt out and exclude themselves from the settlement by mailing an exclusion request ("Exclusion Request") to the Claims Administrator.  The Exclusion Request must be postmarked on or

before the date specified in the Notice, which is 95 days from the completion of notice by publication. The Claims Administrator will provide copies of such exclusion requests to Class Counsel and counsel for Defendants. All Class Members who do not properly and timely complete and mail the Exclusion Request will be bound by the Settlement Agreement and the Final Judgment to be entered following the hearing for final approval of the settlement.

(b)     Exclusion Requests must:  (i) be in writing; (ii) be signed by the Class Member; (iii) include the full name, address, and telephone number of the person(s) requesting exclusion; (iv) include the name and case number of the Action; and (v) include a statement to the effect that they wish to be excluded from this Settlement. No request for exclusion will be valid unless all of the information described above is included. No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Settlement Class.

(c)     The Claims Administrator will retain a copy of all requests for exclusion. Not later than ten days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

(d)     If 1,000 or more Class Members opt-out of the Settlement Agreement by timely submitting an Exclusion Request, then Defendants, in their sole discretion, shall have the right to terminate the settlement. In the event that the settlement is terminated, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into as set forth in Section 18 of the Settlement Agreement.

9.   Objections and Appearances.

(a)     Any person in the Class who has not timely submitted a valid request for exclusion from the Class may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the

application of Class Counsel for an award of attorneys' fees and the incentive award to the Plaintiff.

(b)   In order to be heard at the hearing, the person must make any objection in writing and file it with the Court within 95 days of the completion of notice by publication. The objection must also be mailed to the Claims Administrator, located at Byanooni v. Merrill Lynch, c/o GCG, P.O. Box 35121, Seattle, WA 98124-5118, and postmarked not later than 95 days after the completion of notice by publication.

(c)   Any Objection filed with the Court and submitted to the Claims Administrator must set forth the name and case number of this matter; Class Member's name, address, and telephone number; all arguments, citations, and evidence supporting the Objection; and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement and whether the objecting Class Member intends to appear at the hearing with or without counsel. The Claims Administrator will provide copies of such Objections to Class Counsel and Defendants' counsel.

(d)   Any Class Member who fails to comply with these provisions or file a timely Objection pursuant to the Settlement Agreement and as detailed in the Notice, shall waive and forfeit any and all rights the Class Member may have to appear separately and/or object, and shall be bound by all the terms of this Order and the Settlement, and all proceedings, orders, and judgments in the Action. Any Class Member with objections that are not timely filed and mailed shall not be permitted to object to the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement by appeal or other means.

(e)   On or before the date specified in the Notice, which is 95 days from the completion of notice by publication, a Class Member may enter an

appearance through an attorney if he or she so desires. The Class Member is solely responsible for any fees, costs, or expenses of his or her attorney.

10. <u>Further Papers in Support of Settlement and Fee Application.</u> Any responses to objections to the Settlement Agreement shall be filed with the Court on or before the date of the Final Approval Hearing. Any general briefing in support of final approval of the Settlement or Class Counsel's request for fees and costs not specifically directed to objections shall be filed thirty-five (35) days before the Final Approval Hearing.

11. <u>Effect of Failure to Approve the Agreement.</u> In the event the Settlement Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or if the Settlement or the judgment approving the Settlement is appealed and is not approved on appeal in substantially the same form as set forth in the Settlement Agreement, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Settlement Agreement, its existence and any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of the Settlement Agreement shall have no effect and shall not be admissible evidence for any purpose, including to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in

the Action or for any other purpose;

(c) The Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties;

(d) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law;

(e) The Parties shall be restored to their respective positions as of the date the Settlement Agreement was fully executed; and

(f) Neither the Settlement nor any publicly disseminated information regarding the Settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Defendants' withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

12. <u>Stay/Bar of Other Proceedings.</u>  All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the claims to be released by the Settlement Agreement.

13. <u>Continuing Jurisdiction.</u>  The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or

connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

Dated: **8/4/14**

_____
HON. RICHARD SEEBORG
UNITED STATED DISTRICT JUDGE

[~~PROPOSED~~] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS; PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS PAGE 12 OF 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**