# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH BYANOONI, individually and on behalf of a class and subclass of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH;  BANK OF AMERICA CORPORATION;  and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:12-CV-05270-RS<br><br>**CLASS ACTION**<br><br>**AMENDED [~~PROPOSED~~] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>HON.  RICHARD SEEBORG |

## FINAL APPROVAL ORDER

On June 13, 2014, after active litigation, extensive arm's-length negotiations, a mediation session before the Honorable Edward A. Infante (Ret.), and settlement discussions, Plaintiff and Defendants (herein jointly referred to as the "Parties") entered into a Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement" or "Settlement") on behalf of a proposed class, which is subject to review under Fed. R. Civ. P. 23.   The Settlement purports to resolve all claims asserted in *Abdullah Byanooni v. Merrill Lynch, et al.* (the "Action.")

On June 26, 2014, the Parties filed the Settlement Agreement along with the Joint Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants will serve written notice of the proposed class action settlement on the person who has the primary federal regulatory or supervisory responsibility with respect to Defendants.

On August 4, 2014, upon consideration of the Settlement Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Action; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Abdullah Byanooni as the Class Representative; (iv) appointed Orshansky & Yeremian LLP as Class Counsel; and (v) set the date and time of the Final Approval Hearing.

On March 19, 2015, the Parties filed their Joint Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion") and Class Counsel filed their motion for attorneys' fees and litigation costs, and the class representative incentive award. Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On April 23, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and

should be approved by the Court. The Court has read and considered the Settlement Agreement, Final Approval Motion and the record. All undefined capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. <u>SETTLEMENT CLASS MEMBERS</u>: Pursuant to Fed. R.Civ. P. 23(b)(3), the Action are hereby finally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members with respect to the claims asserted in the Action (also referred to as "Settlement Class"):

> All customers of Merrill Lynch's Merrill Edge Advisory Center and self-directed online investment platform within the State of California who, on or after August 17, 2011, through the date of preliminary approval, received a telephone call from Merrill Lynch that was recorded and/or monitored.

(Members of the Class are referred to as "Class Members.")

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Abdullah Byanooni as the Class Representative and Anthony J. Oshansky and David Yeremian as Class Counsel.

4. <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the

Class Members of their rights. Further, the Court finds that the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

5. <u>FINAL CLASS CERTIFICATION</u>: The Court again finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

  (a) The Class Members are so numerous that joinder of all of them in the Action would be impracticable;

  (b) There are questions of law and fact common to the Class Members, which predominate over any individual questions;

  (c) The claims of Plaintiff are typical of the claims of the Class Members;

  (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

  (e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement and Addendum thereto, together with the modifications set forth in this Order, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of Class Members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

7. <u>SETTLEMENT TERMS</u>: The Settlement Agreement and Addendum to the Settlement Agreement, which have been filed with the Court and shall be deemed incorporated herein, are finally approved with the modifications noted

below to the award of attorneys' fees and litigation costs and the Incentive Payment to Plaintiff Abdullah Byanooni. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement and Addendum to the Settlement Agreement as modified by this Order. The material terms of the Settlement Agreement include, but are not limited to, the following:

    a) Defendants will pay a non-reversionary "all in" cash sum in the total amount of $750,000.00 (the "Settlement Fund").

    b) Class Members who submitted a valid claim form will receive a pro-rata share of the Settlement Fund after the costs of notice and claims administration, attorneys' fees and costs, and the incentive award for Plaintiff Abdullah Byanooni are paid from the Settlement Fund.

    c) The Claims Administrator shall pay from the Settlement Fund $2,500.00 to Plaintiff Abdullah Byanooni payable through Class Counsel in the form of a check as an Incentive Payment for bringing and participating in the Action;

    d) The Claims Administrator shall pay from the Settlement Fund to Class Counsel $151,614.17 for attorneys' fees and litigation costs incurred in connection with the Action, in the manner specified in the Settlement Agreement.

8. **EXCLUSIONS AND OBJECTIONS**: A total of one exclusion was received. Those persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Settlement Class.

9. The Class Members were given an opportunity to object to the settlement. No Class Members filed objections.

10. This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

11. <u>RELEASE OF CLAIMS AND DISMISSAL OF ACTIONS</u>: The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement and the Addendum to the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement and the Addendum to the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

12. The Action is hereby dismissed with prejudice in all respects.

13. This Order is not, and shall not be construed as, an admission by Defendants.

14. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Settlement Agreement and Addendum to the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: 4/28/15

_____
HON. RICHARD SEEBORG
UNITED STATED DISTRICT JUDGE

---

AMENDED [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT